**SO ORDERED.**

**SIGNED this 09 day of October, 2008.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

IN RE:

NORTH AMERICAN LAND ACQUISITIONS, INC.,

      DEBTOR.                                      Case No. 08-05431-8-JRL
                                                                        Chapter 11

_____

**ORDER**

      This case is before the court on the motion for relief from the automatic stay filed by J. Dale and Gilbert E. Futrell ("the Futrells"). On October 1, 2008, the court conducted a hearing on this matter in Wilmington, North Carolina.

      On August 12, 2008, the debtor filed for relief under Chapter 11 of the Bankruptcy Code. The Futrells are beneficiaries under a deed of trust, executed by the debtor on August 28, 2005, which secures a note in the principal amount of $6,000,000.00. The deed of trust granted to the Futrells a lien on approximately 202 acres of land owned by the debtor and located in Montgomery County, North Carolina. The debtor defaulted under the note and a foreclosure hearing was held on June 5, 2008. On July 2, 2008, a foreclosure sale was conducted and the Futrells submitted the successful bid in the amount of $6,383,000.00. No upset bids were filed and the upset bid period

expired on July 14, 2008. On the last day to file upset bids, the Futrells and the debtor entered into a written agreement wherein the Futrells agreed not to convey the property for a period of thirty days and to assign their bid to the debtor. In return, the debtor had thirty days to transfer to the Futrells an amount equal to the sum of all principal, interest, costs, and expenses resulting from the underlying debt on the property and the foreclosure proceeding. The debtor filed for Chapter 11 relief one day before the parties' agreement was to expire.

The Futrells contend that they possess legal title to the property because they submitted the high bid at the foreclosure sale and no upset bids were submitted before the upset bid period expired. As a result, the Futrells argue that they are entitled to relief from the automatic stay to allow the trustee to deliver a deed to the real property at issue. The debtor disagrees and alleges that its agreement with the Futrells is an executory contract which the debtor is entitled to either assume or reject.

The Bankruptcy Code provides that an automatic stay goes into effect immediately upon the filing of a bankruptcy case and prohibits all entities from "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate[.]" 11 U.S.C. § 362(a)(3). Executory contracts are considered property of the estate and are subject to the protection of the automatic stay. See 3 Collier on Bankruptcy ¶ 362.03 (Alan N. Resnick & Henry J. Sommer, eds, 15th ed. Rev. 2007). Once a Chapter 11 petition is filed, the debtor in possession has the right to assume or reject an executory contract. 11 U.S.C. § 365(a). Upon request of any party to an executory contract, the court may order the debtor "to determine within a specified period of time whether to assume or reject such contract . . . ." Id. § 365(d)(2). Here, the Futrells submitted the high bid at the foreclosure sale and obtained title to the property at issue upon expiration of the

ten-day upset bid period. However, the Futrells subsequently entered into an agreement to convey to the debtor an option to purchase the property within thirty days. As a result, the debtor had rights in the property on the date of petition.

The court finds that the Futrells' promise to make no conveyance of the property for thirty days in exchange for the debtor's promise to purchase the property created an executory contract that was in effect on the date the debtor filed for Chapter 11 relief. See, e.g., In re Hardie, 100 B.R. 284, 287 (Bankr. E.D.N.C. 1989) (holding that an unexercised option to purchase constitutes an executory contract); In re Kellstrom Industries, Inc., 286 B.R. 833, 834-35 (Bankr. D. Del. 2002) (recognizing Hardie as the majority view). As a result, the debtor's rights under the executory contract transferred to the estate when the debtor filed its petition. Therefore, any attempt to recover the property is stayed until the debtor decides whether to assume or reject its contract pursuant to § 365.

Based on the foregoing, the court DENIES the Futrells' motion for relief from the automatic stay. The debtor has until November 15, 2008, to file a motion to assume its contract with the Futrells. If the debtor seeks to assume the contract, it must provide "adequate assurance of future performance" as required by § 365(b)(1)(c) by supporting its motion with an actual offer showing a closing date or other evidence indicating the debtor can perform its obligations under the contract. However, if the debtor fails to move to assume the contract by November 15, 2008, the court will deem this to be a rejection of the contract and the automatic stay will lift without further hearing on November 16, 2008.

"END OF DOCUMENT"