SO ORDERED.

SIGNED this 30 day of December, 2008.

J. Rich Leonard
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

IN RE:

NORTH AMERICAN LAND
ACQUISITIONS, INC.

DEBTOR.                                          Case No. 08-05431-8-JRL
                                                 Chapter 11

## ORDER

This case is before the court on the debtor's motion to assume an executory contract with J. Dale and Gilbert E. Futrell (the "Futrells") and the debtor's amended application for attorney's fees. On December 17, 2008, the court conducted a hearing on these matters in Wilmington, North Carolina. This order confirms and provides the rationale for the oral ruling at the conclusion of the hearing allowing the motion to assume an executory contract and denying the amended application for attorney's fees.

## BACKGROUND

On August 12, 2008, the debtor filed for relief under Chapter 11 of the Bankruptcy Code. The debtor is a North Carolina corporation operating as a debtor-in-possession. On August 28, 2005, the debtor executed a note in the principal sum of $6,000,000.00 and deed of trust securing

approximately 202 acres of land located in Montgomery County, North Carolina (the "Property"). The Futrells are beneficiaries under this deed of trust. On July 2, 2008, a foreclosure sale was conducted on the Property and the Futrells placed the successful bid. On the last day of the upset bid period, the Futrells agreed to assign their bid to the debtor, provided that the debtor pay all principal, interest, costs, fees, and commissions resulting from the underlying debt and the foreclosure proceedings within thirty days. The debtor filed its petition prior to expiration of the 30-day deadline.

Pursuant to an Order entered on October 9, 2008, this court held that the debtor was a party to an executory contract to purchase the Property on the date of petition. The Order required that the debtor file a motion to assume the contract and to provide adequate assurance of its ability to purchase or refinance the Property by November 15, 2008. On November 14, 2008, the debtor filed a motion to assume the contract with the Futrells and attached a loan commitment letter from Foundation Mortgage Corporation ("Foundation Mortgage").

On December 2, 2008, counsel for the debtor filed an amended application for attorney's fees in which counsel requested compensation in the form of a flat fee in the amount of $2,500.00. The Bankruptcy Administrator objected to counsel's request for additional fees on a flat fee basis.

## **DISCUSSION**

1.  Motion to Assume Executory Contract

The debtor contends that assumption of the contract at issue is in the best interest of the estate and that it has the ability to secure refinancing. At hearing, Shane Caudier, Vice President of the debtor, testified before the court. Mr. Caudier established that he hired a real estate broker to secure refinancing for the Property but that he did not expect to close on a refinancing agreement

until early next year.  Additionally, Mr. Caudier established that Foundation Mortgage expressed interest in providing refinancing to the debtor.  As evidence of Foundation Mortgage's intentions, the debtor provided a commitment letter from Foundation Mortgage which purported to provide refinancing in the amount of $10,000,000.00 with a closing date of January 8, 2009.  At hearing, the debtor produced a second letter from Foundation Mortgage which confirmed certain terms of the loan "that the lender has approved the loan for."

Also at hearing, Thomas Simpson, an officer of the debtor, testified before the court.  Mr. Simpson established that he had met with Branch Banking & Trust Company ("BB&T") on behalf of the debtor.  At this meeting, Mr. Simpson established that BB&T expressed interest in providing refinancing but that its loan approval process would last up to 120 days.

The Futrells assert that the debtor's motion should be denied because the debtor is unable to pay off its obligations to the Futrells.  On cross-examination, Mr. Simpson established that he had been unsuccessful in his attempts to refinance the Property since July 2007.  Also on cross-examination, Mr. Caudier established that Foundation Mortgage was a real estate broker and not a lender.  In addition, the Futrells argue that the letter from Foundation Mortgage is insufficient evidence of the debtor's ability to perform because any financing is contingent on obtaining funding from a third party lender, an appraisal, and permits.  As a result, the Futrells argue that the debtor has failed to provide adequate assurance that it can refinance or purchase the Property.

The court disagrees with the Futrells and finds that the debtor has presented adequate assurance of its ability to perform its obligations under the executory contract with the Futrells.  The commitment letter from Foundation Mortgage includes an approximate closing date of January 8, 2009 and proposes financing sufficient to pay off the debtor's obligations under the contract.  A

3

second letter from Foundation Mortgage indicates that the parties are nearing the end of the loan approval process. As a result, the debtor has provided evidence of its ability to secure refinancing.

2. Application for Additional Attorney's Fees

The Bankruptcy Administrator objects to the debtor's application for additional attorney's fees in the form of a flat fee in the amount of $2,500.00. This court has previously held that it can establish "the amount of a flat fee at the beginning of a [Chapter 11 small business] case after notice has been given to all creditors." In re Pineloch Enters., Inc., 192 B.R. 675, 678 (Bankr. E.D.N.C. 1996). Here, counsel for the debtor failed to disclose a flat fee arrangement at the time of filing and failed to give notice of any flat fee arrangement to creditors. As a result, a flat fee is not available as compensation to counsel for the debtor. Rather, the debtor must itemize his fees on an hourly basis as required by the Bankruptcy Administrator and the court.

Based on the foregoing, the debtor's motion to assume an executory contract is ALLOWED, contingent on the debtor's ability to secure refinancing and pay the Futrells by January 18, 2009. If the debtor fails to provide the Futrells with the full amount owed to them by this date, the Futrells can record the trustee's deed without further order of the court. The debtor's application for additional attorney's fees is DENIED without prejudice. Counsel for the debtor must resubmit a fee application which itemizes all of the fees counsel is seeking in this case.

"END OF DOCUMENT"

4